[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION TO STRIKE NO. 107
 FACTS
The following facts are taken from the plaintiff's complaint dated November 4, 1998. In March, 1986, the plaintiff, Patricia Stosuy, began working for the defendant, the city of Stamford, as a "Police Clerk Matron." On December 29, 1997, the Human Resources Division of the defendant announced a promotional examination for the position of Assistant Town Clerk. The plaintiff applied to take the examination, but was told by letter that she was not qualified to take the examination because she lacked "progressively responsible experience in office administration or management." (Complaint, ¶ 10)
Subsequently, the plaintiff sent the defendant notice that CT Page 11681 she intended to appeal this decision before the Personnel Commission. The plaintiff was allowed to take the examination on a provisional basis, but it was never graded. The plaintiff was not told prior to the hearing before the commission of her burden of proof, nor of the specific documents that she would be permitted to bring to the hearing. At the hearing, the plaintiff was substantially unprepared to produce evidence. The Commission upheld the decision of the Human Resources Department that found the plaintiff ineligible to take the exam.
The plaintiff filed a five-count complaint alleging deprivation of civil rights in violation of 42 U.S.C. § 1983, negligent infliction of emotional distress, breach of contract, breach of an implied covenant of good faith and fair dealing and a violation of General Statutes §§ 7-407 to 7-424, inclusive, which describes a merit system for municipal employees. The. defendant filed a motion to strike counts one and two, as well as the fifth prayer for relief on the ground that they fail to state a claim upon which relief can be granted.
 DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Peter-Michael, Inc. v. Sea ShellAssociates, 244 Conn. 269, 270, 709 A.2d 558 (1998). "For the purpose of a motion to strike, the moving party admits all facts well pleaded." RK Constructors v. Fusco Corp., 231 Conn. 381, 383
n. 2, 650 A.2d 153 (1994)
 I. Count One — Violation of 42 U.S.C. § 1983
The plaintiff argues that the defendant's actions denied the plaintiff of her liberty rights without due process of law with regard to her application to take the promotional exam.[1] The Due Process Clause of the Fourteenth Amendment to the United States Constitution provides that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law." "The requirements of procedural due process apply only to the deprivation of interests encompassed by theFourteenth Amendment's protection of liberty and property." Board of Regentsv. Roth, 408 U.S. 564, 569, 92 S.Ct. 2701, 33 L.Ed.2d 548
(1972). The "liberty" interest guaranteed by theFourteenth Amendment includes the freedom "to engage in any of the common CT Page 11682 occupations of life." Meyer v. Nebraska, 262 U.S. 390, 399,43 S.Ct. 625, 67 L.Ed. 1042 (1923)
"Certain actions by a potential employer in refusing to rehire an employee may implicate an employee's liberty interests." Huff v. West Haven Board of Education,10 F. Sup.2d 117, 122 (D. Conn. 1998). A deprivation of liberty interests has been recognized where an individual sought employment with the state and was denied it. Doe v. United States Civil ServiceCommission, 483 F. Sup. 539, 566-71 (S.D.N.Y. 1980).
However, the actions taken by the government "must be of the kind to effectively hinder the individual's ability to practice in her profession." Huff v. West Haven Board of Education, supra,10 F. Sup.2d 122. "For instance, [these actions could include] stigmatizing public comments regarding the employee's dishonest, illegal or immoral behavior. . . . (Internal quotation marks omitted.) Id. Further, "[s]tigmatizing comments may include matters other than charges of illegality, dishonesty, or immorality." Donato v. Plainview-Old Bethpage Central SchoolDistrict, supra, 96 F.3d 630.
"The test of whether a state employer's decision . . . denies that employee due process is met when it deprives her of the freedom to take advantage of other employment opportunities. . . . [E]ven governmental allegations of professional incompetence do not implicate a liberty interest in every instance. Such allegations will support a right to a name-clearing hearing only when they denigrate the employee's competence as a professional and impugn the employee's professional reputation in such a fashion as to effectively put a significant roadblock in that employee's continued ability to practice his or her profession." Id., 630-31; see also O'Neill v.City of Auburn, 23 F.3d 685, 692-93 (2d Cir. 1994); Huntley v.Community School Board of Brooklyn, 543 F.2d 979, 984-85 (2d Cir. 1976)
The defendant argues that the plaintiff does not sufficiently allege that the defendant's actions deprived the plaintiff of future job opportunities. The plaintiff alleges that the defendant sent her a letter that informed the plaintiff that she lacks progressively responsible experience in office administration or management and that this assessment of her skills was false. CT Page 11683
The defendant's comment does not amount to a stigma that would effectively hinder the plaintiff's continued practice of her profession. See Donato v. Plainview-Old Bethpage CentralSchool District, supra, 96 F.3d 631. In Donato, the plaintiff assistant principal was subjected to a litany of strongly negative evaluations of her skills in the areas of discipline, staff relations, educational and instructional supervision, administrative responsibilities and leadership. Id. These were found to be sufficiently stigmatizing comments to implicate a "Fourteenth Amendment liberty interest. Id.
In contrast, in O'Neill v. City of Auburn, 23 F.3d 685, 691
(2d Cir. 1994), government officials told a local paper that the employee "was `incompetent,' could `no longer do the job,' had `poor relationships' with state agencies, did work that was not `up to par' and was `sloppy.'" Id. The court found that "[t]he statements published by the newspapers were vague and did not specify which aspects of his job he was incompetent to perform; they could have meant no more than he lacked supervisory skill, had an abrasive managerial style, or cause unnecessary friction in dealing with other public agencies. Thus, we cannot find that these statements impugned his professional reputation as a licensed engineer or impaired his ability to find future employment within his profession." (Emphasis added; internal quotation marks omitted.) Id., 693.
Here, the defendant sent a letter to the plaintiff that informed her that in their opinion she lacked progressively responsible experience in office administration or management. This is not the type of strongly negative litany of published remarks that have been held to effectively foreclose future employment opportunities. This comment is not as negative as the comments found to be permissible in O'Neill v. City of Auburn.
See id., 693. Moreover, the plaintiff has retained her current employment as a "Police Clerk Matron." Accordingly, the plaintiff does not properly allege the deprivation of a liberty interest, and therefore does not state a claim for a violation of the Due Process Clause of the Fourteenth Amendment.
The plaintiff also argues that if the she is unable to show that she has been deprived of a "liberty" interest, she can state a Due Process claim by showing that the promotional procedures were misused and that the defendants committed intentional acts that barred her from being considered for a position that she was qualified. This argument, however, cannot be reconciled with the CT Page 11684 finding in Board of Regents v. Roth, supra, 408 U.S. 569-70, that "[t]he requirements of procedural due process apply only to the deprivation of interests encompassed by theFourteenth Amendment's protection of liberty and property.' Id. Accordingly, the plaintiff's argument must be deemed without merit.
 II. Count Two — Negligent Infliction of Emotional Distress
The plaintiff argues that the defendant negligently inflicted emotional distress on the plaintiff. Specifically, the plaintiff argues that the defendant knew or should have known that by violating the plaintiff's due process rights, denying her the opportunity to take the promotional exam and, refusing to place her on the eligibility list, and failing to provide her with a fair appeal process, the defendant was likely to cause emotional distress.
In order to state a claim for negligent infliction of emotional distress, the plaintiff has the burden of pleading that "the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress, and that distress, if it were caused, might result in illness or bodily harm." (Internal quotation marks omitted.) Parsons v. UnitedTechnologies Corp., 243 Conn. 66, 88, 700 A.2d 655 (1997). "[N]egligent infliction of emotional distress in the employment context arises only where it is based upon unreasonable conduct of the defendant in the termination "process." (Internal quotation marks omitted.) Id. "The mere termination of employment, even where it is wrongful, is therefore not, by itself, enough to sustain a claim for negligent infliction of emotional distress." Id., 88-89
The reasoning found in Parsons is persuasive in this case. See Pascal v. Alternative Service of Connecticut, Superior Court, judicial district of New London at New London, Docket No. 547184 (December 8, 1998, Martin, J.) (applying Parsons v. UnitedTechnologies Corp. to a failure-to-hire case); Huff v. West HavenBoard of Education, supra 10 F. Sup.2d 124 (same) Accordingly, the mere failure of the plaintiff to be placed on the eligibility list for a promotion cannot state a claim for emotional distress.
"Unreasonable conduct' has been interpreted by the superior courts as conduct performed in an inconsiderate, humiliating or embarrassing manner." Pascal v. Alternative Service ofConnecticut, supra, Superior Court, Docket No. 547184. Here, CT Page 11685 although the plaintiff has alleged that the defendant failed to notify the plaintiff of her rights in the appeal process, she has not alleged that this was done in an humiliating or embarrassing manner. None of the plaintiff's allegations rise to such a level of unreasonable conduct. Accordingly, the defendant's motion to strike should be granted.
Nadeau, Judge